(43 Misc. Rep. 435.)

PEOPLE ex rel. FLYNN, Sheriff, v. LEECH, County Clerk.

(Supreme Court, Special Term, Ontario County. April 29, 1904.)

1. SHERIFFS—COMPENSATION—SALARY—ADDITIONAL FEES.

Under Laws 1902, p. 972, c. 380, providing that the sheriff of Ontario county shall receive as compensation for all his services and his duties appertaining thereto which are a county charge upon the said county or any town therein, an annual salary of $2,000, and "he shall also be entitled to receive and retain to his own use his fees and perquisites in all civil cases and proceedings in which the same are to be paid by private persons or corporations other than the county of Ontario," and shall perform the duties in connection therewith without expense to the county, such sheriff is not a salaried officer within Code Civ. Proc. § 3307, subd. 4, entitling sheriffs to a fee for each cause placed on the calendar for trial by jury, but declaring that it does not apply to counties wherein the sheriff is a salaried officer.

Application for mandamus by the people of the state of New York on the relation of Francis Flynn, as sheriff of the county of Ontario, against Porter F. Leech, as clerk of the county of Ontario, for collection of fees. Writ granted.

Ditmars & Teter, for relator.

Arthur P. Rose, Esq., for respondent.

ROBSON, J.   No question is made by counsel for respondént as to whether this proceeding can be maintained to enforce the rights which relator claims.   The purpose of both parties is manifestly not so much to determine the question of the right of relator to the calendar fees already collected by the clerk for the February Trial Term of the court, which is nominally the object of the proceeding, as to procure an adjudication of the question whether the sheriff is entitled to insist upon the collection for his account by the clerk of the calendar fees provided by subdivision 4 of section 3307 of the Code of Civil Procedure for future terms.   If, therefore under the law as it now stands, it is the duty of the clerk to collect of litigants this calendar fee, both parties wish an adjudication for their future guidance, rather than an expression of opinion as to whether this proceeding is the proper one, or could be maintained if objection were made thereto.

Subdivision 4 of section 3307 of the Code of Civil Procedure provides that a sheriff is entitled, for notifying jurors to attend a trial term of a court of record, to "fifty cents for each cause placed upon the calendar for trial by a jury to be paid by the party first putting the cause on the calendar for that term.   But the sheriff is not entitled to more than one dollar and fifty cents for calendar fees in one action.   The clerk shall not put a cause upon the calendar for trial by a jury until the fee specified in this subdivision is paid to him for the use of the sheriff.   *   *   *   The provisions of this subdivision shall not be applicable to counties wherein the sheriff is a salaried officer."   The decision of the question at issue between the parties rests, therefore, upon the determination whether the sheriff of Ontario county is a "salaried officer" within the meaning of that term as employed in the section just quoted.   The statute changing the method of compensation of the sheriff of Ontario county (chapter 380, p. 972, Laws 1902) provides that:

"The sheriff  *  *  *  shall receive a compensation for all his services *  *  *  and his duties appertaining thereto which are now or may be by law made a county charge upon the said county or any town therein an annual salary of $2,000;  *  *  *  he shall also be entitled to receive and retain to his own use his fees and perquisites in all civil cases and proceedings in which the same are to be paid by private persons or corporations other than the county of Ontario and shall perform the duties in connection therewith without expense to the county of Ontario."

It would seem that a simple reading of the two statutes and a comparison of their provisions would furnish a satisfactory answer to the questions here to be determined.   It is only for the services which the sheriff renders, and the work, labor, and duties appertaining thereto, for which the county, or any town therein, may be charged, that the sheriff is entitled to receive as his compensation the salary of $2,000.   All fees and perquisites in civil cases and proceedings to be paid by private persons and corporations he is entitled to receive and retain for his own use, unaffected by the provisions as to his salary.   Can it be said that the office of sheriff is in any sense a salaried one so far as civil cases and proceedings in which private persons or corporations are parties are concerned?   It seems that the reason of the change in the method of the compensation of the

sheriff is clear, and that the salary provided was intended to take the place and be in lieu of only the fees which the sheriff would otherwise be entitled to collect of the county or town for his services, and that it was the legislative intention to leave his fees for services rendered to private litigants in civil cases unaffected by a new arrangement.

Application for mandamus is therefore granted, without costs, under stipulation of attorneys.